**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4184**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VICTOR MANUEL GUZMAN-BALBUENA, a/k/a Conapiro
Contreras, a/k/a Lucero Manuel Flores, a/k/a
Victor M. Guzman,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg. Glen E. Conrad, District
Judge. (CR-04-30066-GEC)

Submitted: December 14, 2005          Decided: January 24, 2006

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Michael S.
Nachmanoff, Assistant Federal Public Defender, Frances H. Pratt,
Research and Writing Attorney, Alexandria, Virginia, for Appellant.
John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Victor Manuel Guzman-Balbuena appeals his seventy-month sentence imposed after his guilty plea to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) (2000). We affirm.

On appeal, Guzman-Balbuena first contends that § 1326(b)(2) is an unconstitutional sentencing provision and that the validity of Almendarez-Torres v. United States, 523 U.S. 224 (1998), which supports the provision, should be questioned in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 125 S. Ct. 738 (2005). We disagree. The constitutionality of increasing penalties based on prior convictions, as prescribed by § 1326(b)(2), was upheld in Almendarez-Torres. As the Appellant concedes, this court has recently acknowledged the continuing validity of Almendarez-Torres in United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.), cert. denied, ___ S. Ct. ___, 2005 WL 2922802 (Nov. 7, 2005). We therefore find that this claim fails.

Guzman-Balbuena next argues that his sentence was unreasonable. After Booker, courts must calculate the appropriate guidelines range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and impose a sentence. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 125 S.

Ct. at 764-65, 767 (Breyer, J., opinion of the Court)). If a court imposes a sentence outside the guidelines range, the district court must state its reasons for doing so. Id. This court should review a sentence imposed pursuant to § 3553 to determine whether it is reasonable. Booker, 125 S. Ct. at 764-67.

The district court imposed a sentence within the advisory guideline range and below the statutory maximum for the offense and considered the relevant factors under § 3553. Guzman-Balbuena identifies no persuasive reason why the sentence imposed was not reasonable. Hughes, 401 F.3d at 546-47 (citing Booker, 125 S. Ct. at 764-65, 767) (noting after Booker, sentencing courts should calculate the guideline range, consider the other factors under § 3553, and impose a reasonable sentence within the statutory maximum). Accordingly, we affirm Guzman-Balbuena's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -